STATE OF NORTH CAROLINA v. CHARLES FRANKLIN BROOKS

No. 9226SC1163

(Filed 1 February 1994)

1. **Evidence and Witnesses § 3045 (NCI4th) — second-degree murder — cross-examination — prior assaultive conduct — not admissible under Rule 608(b)**

    The trial court erred in a second-degree murder prosecution by allowing the State to cross-examine defendant under N.C.G.S. § 8C-1, Rule 608(b) regarding domestic violence by defendant against his wife, who was not the victim of the murder. The cross-examination was not proper because extrinsic instances of assaultive behavior, standing alone, are not in any way probative of the witness' character for truthfulness or untruthfulness.

    **Am Jur 2d, Witnesses §§ 814, 816, 830.**

2. **Evidence and Witnesses §§ 344, 355 (NCI4th) — second-degree murder — prior assaultive conduct — not admissible under Rule 404(b)**

> The trial court erred in a second-degree murder prosecution by allowing the State to cross-examine defendant under N.C.G.S. § 8C-1, Rule 404(b) regarding domestic violence by defendant against his wife, who was not the victim in this case. Defendant's past violent behavior toward his wife was not relevant to prove his character in relation to motive, opportunity, intent, etc. Furthermore, there was prejudice in that the case was close, the questions alone were inflammatory and damaging, and, because defendant admitted to some violent action toward his wife, it cannot be said that the jury did not consider the evidence for the purpose of concluding that defendant had a violent disposition.

> Am Jur 2d, Evidence §§ 324, 325.

3. **Criminal Law § 433 (NCI4th) — second-degree murder — prior acts of domestic violence — argument to jury**

> The trial court erred in a second-degree murder prosecution by allowing the State to comment on defendant's past abusive behavior toward his wife and to characterize him as a "liquor-drinking, dope-smoking, defendant." The State's characterization appears to have been calculated to prejudice and to inflame the jury and compounded earlier error in the admission of evidence.

> Am Jur 2d, Trial §§ 280 et seq.

Appeal by defendant from judgment entered 9 April 1992, by Judge Robert M. Burroughs in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 September 1993.

*Attorney General Michael F. Easley, by Assistant Attorney General LaVee Hamer Jackson, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., and Assistant Appellate Defender Susan G. White for defendant appellant.*

COZORT, Judge.

Defendant Charles Franklin Brooks was convicted of second degree murder and received the maximum sentence of life in prison.

STATE v. BROOKS

[113 N.C. App. 451 (1994)]

We find the trial court erred by (1) allowing the State to cross-examine defendant regarding incidents of domestic violence against his wife; and (2) overruling defendant's objections to remarks made by the State in closing argument characterizing defendant as a "wife-abuser," "liquor-drinker," and "dope-smoker." We find the errors prejudicial and order a new trial.

The State's evidence consisted in part of the testimony of law enforcement officials of the Mecklenburg County Police Department who responded to two calls on the evening of 31 January 1991, regarding disturbances at 7827 Beatties Ford Road in Charlotte, North Carolina. The first call came in at approximately 9:40 p.m. and concerned a domestic disturbance between a man and a woman. Officer D. L. Phillips testified that Ms. Tina Locklear, the defendant's stepdaughter, met the responding officers in the front yard of the residence. She was intoxicated, combative, would not identify herself, and ordered the police to leave. She had blood on her hands and mouth. Having obtained no other information at that time, Officer Phillips and the other officers left the scene.

Officer Phillips returned to the house on Beatties Ford Road at approximately 10:30 p.m. in response to a call that someone had been shot; Sergeant Ricky Robbins also responded to the call. Upon arrival, the officers observed defendant standing in the yard, holding a .38 revolver raised in the air with the cylinder open. The victim, Doug Crawley, had been shot and was lying on the floor in a bedroom. Defendant admitted to shooting Crawley and cooperated with police by answering questions. Officers noted the smell of alcohol on defendant's breath. Evidence presented by the medical examiner indicated that the barrel of the gun was against Crawley's left ear when the gun was fired.

Ms. Locklear testified that Mr. Crawley was her boyfriend and had been living with her for about three months. On the evening of the shooting, Ms. Locklear and the victim had gone to a bar called the "Corral," after playing a drinking game called "quarters" with friends in their home. Ms. Locklear saw defendant at the bar and accompanied him outside behind the bar where the two smoked marijuana. After spending approximately two hours at the bar, Locklear and Crawley left the Corral. On the way home, the couple got into an argument during which Locklear punched her fist through the back window of Crawley's truck. The two arrived at the residence on Beatties Ford Road and con-

tinued to argue. At some point, Crawley became involved in an altercation with Locklear's stepbrother, Mark Brooks. Ms. Locklear testified that she was accidentally hit with an ax handle when Crawley grabbed the ax from the hands of Brooks. Crawley went into the bedroom and began packing clothes to leave.

Ms. Locklear stated that she then saw defendant in the hallway of the house. She noticed defendant was holding a gun, and she told him to leave the couple alone. Defendant proceeded down the hall and walked up to the bedroom door. Locklear stood between defendant and Crawley, who was in the bedroom, and tried to physically restrain defendant. A struggle between Locklear and the defendant ensued; the gun fired, fatally wounding Crawley. Locklear testified that she was "[l]ike in front of him; his arm up under my arm; I was like got on him. Just when he stepped back, when he stepped right there in my doorway, I had got on him right then and that's when the gun went off."

Defendant testified that he considered Crawley a friend. On the evening of 31 January, defendant had several drinks at the Corral. He admitted to smoking a marijuana cigarette with Locklear behind the bar. Later in the evening, he became aware that a fight was ongoing at the Beatties Ford Road residence. Defendant testified that he was the owner of the residence. He went to the house to tell Crawley to leave the premises and to leave his children alone. Defendant's wife, Nancy Brooks, accompanied him to the "Big House." As defendant approached the house, he saw two silhouettes in Locklear's bedroom; he thought the two were still fighting. Defendant took his gun for self-protection and entered the house. Defendant testified that as soon as he entered the house, Locklear tried to restrain him. During the struggle, the gun fired and Crawley was hit. Defendant stated that he had not intended to shoot Crawley. Defendant directed his wife to call 911. When police arrived at the scene, defendant accompanied officers through the house and showed investigators how the shooting occurred.

[1]  Defendant's primary argument on appeal contends the trial court erred by permitting the State to cross-examine defendant regarding incidents of domestic violence by him against his wife Nancy. The following exchange occurred between the Assistant District Attorney and the defendant:

Q. [MR. BUTLER (State):] Okay. And, your wife knows how violent you are; doesn't she?

MR. RAWLS [Defense]: OBJECTION.

THE COURT: OVERRULED.

A. [DEFENDANT:] I guess; she's married to me.

Q. Well, you beat her up before; haven't you?

MR. RAWLS: OBJECTION; MOTION TO STRIKE.

THE COURT: OVERRULED.

Q. Sir?

A. We've had our marital fights.

Q. Well, back April 15, 1989, you beat her and you threatened to kill her; didn't you?

MR. RAWLS: OBJECTION.

THE COURT: OVERRULED.

A. No sir; I didn't threaten to kill her.

Q. You assaulted her. Isn't that right?

MR. RAWLS: OBJECTION.

A. I slapped her.

THE COURT: OVERRULED.

Now Members of the jury, that evidence was received to show and what it does show is for you, the jury, to determine, that the defendant, Mr. Brooks, assaulted Nancy Brooks. This evidence is received solely for the purpose, for the limited purpose of showing that the defendant had the motive or opportunity for [sic] the intent for [sic] the preparation of the plan or the absence of mistake, which is a part of the crime charged in this case.

If you believe this evidence, you may consider it; but, only for the limited purpose for which it was received.

MR. BUTLER: Thank you, Your Honor.

MR. RAWLS: We OBJECT to that evidence, Judge.

THE COURT: You did and the OBJECTION IS OVERRULED.

Q. And, you dragged her by her hair around the residence; didn't you?

MR. RAWLS: OBJECTION.

THE COURT: OVERRULED.

A. No, sir.

Q. And, you struck her several times in the stomach and kicked her and punched her?

MR. RAWLS: OBJECTION.

THE COURT: OVERRULED.

MR. RAWLS: Judge, there is absolutely no—

THE COURT: OVERRULED. The answer was what?

A. No, sir. I didn't kick her and punch her in the stomach. I smacked her with an open hand.

Q. And, you caused her right eye to swell up; isn't that right?

MR. RAWLS: OBJECTION.

A. Yes, sir.

THE COURT: OVERRULED.

Q. Sir?

A. Yes, sir.

Q. You did?

A. Yes, sir.

Defendant argues that the sole purpose for the State's line of questioning was to show that defendant's character was violent and abusive. Defendant contends the evidence was not admissible under either Rule 608 or Rule 404(b) of the North Carolina Rules of Evidence. We agree.

The evidence of past abusive behavior is not admissible pursuant to N.C. Gen. Stat. § 8C-1, Rule 608(b), which allows into evidence specific instances of conduct of a witness for the purpose of attacking his credibility, when the evidence is probative of *truthfulness* or *untruthfulness*. The State's cross-examination of defendant here "was improper under Rule 608(b) because extrinsic

instances of assaultive behavior, standing alone, are not in any way probative of the witness' character for truthfulness or untruthfulness." *State v. Morgan*, 315 N.C. 626, 635, 340 S.E.2d 84, 90 (1986).

[2] We also find the evidence inadmissible under N.C.R. Evid. 404(b), which states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (1992). "Before extrinsic conduct evidence is admissible pursuant to Rule 404(b), the trial court is required to *first*, determine whether conduct is being offered pursuant to Rule 404(b); *second*, the trial court is required to make a determination of the evidence's relevancy." *State v. Rowland*, 89 N.C. App. 372, 383, 366 S.E.2d 550, 556 (1988) (emphasis in original). "If the trial judge makes the initial determination that the evidence is of the *type* and offered for the proper *purpose* under Rule 404(b), the record should so reflect." *State v. Morgan*, 315 N.C. 626, 637, 340 S.E.2d 84, 91 (1986) (emphasis in original). In the case below, the trial court appears to have found that the evidence was proper for admission pursuant to Rule 404(b), as evidence of motive, intent, preparation, and absence of mistake. We cannot agree with the admission of this evidence.

Evidence introduced under Rule 404(b) must be relevant pursuant to N.C.R. Evid. 401. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401. Accordingly, the evidence sought to be admitted must be relevant to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident. While Rule 404(b) is a general rule of inclusion of relevant evidence of other crimes, wrongs, or acts, evidence must nonetheless be excluded where "its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990) (emphasis in original).

STATE v. BROOKS

[113 N.C. App. 451 (1994)]

The State contends the evidence was properly admitted under Rule 404(b). The State submits that instances of defendant's past physical violence involving his wife were relevant to show "defendant's motive and intent when he carried the loaded gun into the house with his finger on the trigger." The State further claims the examples of prior physical violence were appropriate to show the absence of accident, since the defendant knew his own physical strength in comparison to the size of his victim. The State's argument is unpersuasive; we find no relevancy for the admission of defendant's past violent behavior toward his wife to prove the character of the defendant in relation to motive, opportunity, intent, etc. It was error for the trial court to permit the State to question defendant about previous incidents of violence directed toward his wife.

Furthermore, we conclude the error was not harmless in its effect. We cannot say with certainty that there is no "reasonable possibility that, had the error in question not been committed," the jury would have arrived at a different result. N.C. Gen. Stat. § 15A-1443(a) (1988). The questions alone posed by the State were inflammatory and damaging. And, because defendant admitted to some violent action toward his wife in the past, we cannot say that the jury did not consider the evidence for the purpose of concluding that defendant was of a violent disposition. As the evidence shows, the case was close. The possibility existed that the jury could have found defendant guilty of manslaughter, or even have acquitted him. As a result, we find the admission of the evidence constituted prejudicial error requiring a new trial.

[3] We also find error in the trial court's allowing the State to argue defendant's past conduct to the jury. Over defendant's objection, the trial court allowed the State to comment, during argument to the jury, on defendant's past abusive behavior toward his wife, and to characterize defendant as a "liquor-drinking, dope-smoking, defendant."

In general, arguments of counsel are within the domain of the trial judge's discretion. State v. Sanders, 327 N.C. 319, 342, 395 S.E.2d 412, 427 (1990), cert. denied, 498 U.S. 1051, 112 L.Ed.2d 782 (1991). In this case, however, the State's characterization of defendant appears to have been calculated to prejudice and to inflame the jury. Although defendant testified to drinking alcohol and to smoking marijuana on the night in question, the prosecu-

tion's remarks concerning defendant's relationship with his wife served to compound the error in admitting the evidence of physical abuse under Rule 404(b). Consequently, we find the trial court erred by failing to sustain defendant's objections to the inflammatory comments made by the State during its closing argument.

We hold these two prejudicial errors deprived the defendant of a fair trial. Other alleged errors may not reoccur upon retrial, and we decline to discuss them. Defendant is entitled to a

New trial.

Judges JOHNSON and McCRODDEN concur.