STATE OF NORTH CAROLINA v. CHRISTOPHER PEOPLES, DEFENDANT

No. COA03-931

(Filed 16 November 2004)

## 1. Drugs— possession with intent to sell—drugs found on companion

A motion to dismiss a prosecution for possession of crack cocaine with intent to sell was correctly denied where the cocaine was not found on defendant's person when he was arrested. Testimony established an unbroken chain of possession from defendant to his girlfriend, from whom the cocaine was recovered.

**2. Evidence— officer's testimony—defendant as drug dealer**

The trial court acted within its discretion to deny defendant's motion to strike an officer's testimony explaining that defendant was arrested rather than those buying cocaine from him because the operation was targeting drug dealers. The statement was general and did not seem purposefully calculated to prejudice the jury against defendant.

**3. Appeal and Error— mistrial—defendant in handcuffs—no plain error analysis**

The question of whether the trial judge should have declared a mistrial after a report that some jurors may have seen defendant in handcuffs in a hallway was not preserved for appeal because defendant did not object or seek a mistrial. Plain error does not apply to mistrial rulings; moreover, none of the jurors raised their hand when the court asked whether they had seen defendant in the hallway.

**4. Criminal Law— interested witness instruction—no error**

The trial court did not err by giving an interested witness instruction about defendant's main witness, his girlfriend and the mother of his child, who was a nonjoined codefendant. She probably was an interested witness; moreover, the interested witness instruction was not so much a part of the entire instructions as to have prejudiced the jury against defendant or his witnesses.

**5. Sentencing— habitual felon—arraignment**

The failure of the trial court to arraign defendant as an habitual felon before the close of the State's evidence was not prejudicial where defendant pled guilty to the habitual felon charge, the court conducted a full inquiry into the plea, defendant was fully aware of the consequences, and defendant was notified that he was being tried as a recidivist before the trial.

**6. Sentencing— habitual felon—indictment**

Defendant was validly indicted for being an habitual felon where he was charged in one bill with felonious possession of cocaine and in another with being an habitual felon. All the information required to charge defendant was included; the statute does not require that the indictment charging the underlying felony also charge habitual felon status.

STATE v. PEOPLES

[167 N.C. App. 63 (2004)]

Appeal by defendant from judgment entered 14 January 2003 by Judge Jerry Cash Martin in Forsyth County Superior Court. Heard in the Court of Appeals 21 April 2004.

*Attorney General Roy Cooper, by Special Deputy Attorney General Lars F. Nance for the State.*

*Hall & Hall Attorneys at Law, P.C., by Susan P. Hall for the defendant-appellant.*

ELMORE, Judge.

Christopher Peoples (defendant) was watched by Officer B. D. Moyer (Officer Moyer) who was conducting a surveillance operation of a known open-air drug market. Defendant was approached by a man and three women individually. When the first woman approached, defendant produced a plastic bag containing an off-white substance. Officer Moyer testified that defendant handed something out of the bag to each of the women and they handed him something in return. A woman who would later be identified as Monica Speas (Speas), the defendant's girlfriend, was seen observing the activity. Another man approached defendant and received something from the plastic bag, and handed defendant something in return. Speas then approached defendant, who tied a knot in the top of the plastic bag and handed it to Speas along with some money. Speas placed the bag down her shirt.

At that point, officers moved in to arrest defendant and Speas. Officer Candace Peck was called to the scene to search Speas. Officer Peck asked Speas if she had anything on her, at which point Speas began to cry and produced the plastic bag containing a white rock-like substance from her bra area. The substance weighed 2.5 grams. The officer also found a total of $17 in cash on Speas' person. A single $100.00 bill was found on defendant's person. Speas and defendant were transported to the jail where both were advised of their Miranda rights and Speas waived her right to remain silent. Her signed waiver was admitted into evidence at trial. She then made a statement to police.

Speas, as a witness at trial, denied ever being advised of her rights or waiving them, although she remembers signing the form. She contradicted her prior statements to police while on the witness stand.

STATE v. PEOPLES

[167 N.C. App. 63 (2004)]

Defendant was found guilty in a jury trial of possession of cocaine with intent to sell and deliver, and pled guilty to habitual felon status. Defendant now brings this appeal.

I.

**[1]** Defendant first assigns error to the trial court's denial of defendant's motion to dismiss at the close of the evidence, arguing that the evidence was not sufficient to send the case to the jury.

The statute that governs motions for dismissal, which the trial court referenced in deciding the motion, is N.C. Gen. Stat. § 15A-1227(a)(3), and provides in pertinent part as follows:

(a) A motion for dismissal for insufficiency of the evidence to sustain a conviction may be made at the following times:

(1) Upon close of the State's evidence.

(2) Upon close of all the evidence.

(3) After return of a verdict of guilty and before entry of judgment.

(4) After discharge of the jury without a verdict and before the end of the session.

(b) Failure to make the motion at the close of the State's evidence or after all the evidence is not a bar to making the motion at a later time as provided in subsection (a).

(c) The judge must rule on a motion to dismiss for insufficiency of the evidence before the trial may proceed.

. . .

N.C. Gen. Stat. § 15A-1227 (2003).

"Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion

should be allowed." *State v. Scott,* 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002) (quoting *Powell,* 299 N.C. at 98, 261 S.E.2d at 117).

In reviewing challenges to the sufficiency of evidence, "we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Benson,* 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992). Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve. *Id.* The defendant's evidence should be disregarded unless it is favorable to the State or does not conflict with the State's evidence. *See State v. Earnhardt,* 307 N.C. 62, 67, 296 S.E.2d 649, 653 (1982). "Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." *State v. Mann,* 355 N.C. 294, 301, 560 S.E.2d 776, 781, *cert. denied,* 537 U.S. 1005, 154 L. Ed. 2d 403 (2002). With these holdings as our guide, we now review the sufficiency of the evidence in this case. *See generally Scott,* 356 N.C. 591 at 594-97, 573 S.E.2d 866 at 868-69.

The elements of possession with intent to sell and deliver are: 1) possession, 2) of a controlled substance, and 3) with intent to sell or deliver, which may be inferred from the amount or packaging. *See State v. Baxter,* 285 N.C. 735, 737, 208 S.E.2d 696, 697-98 (1974). "The crime of possession requires that the contraband be in the custody and control of the defendant and subject to his disposition." *State v. Keeter,* 42 N.C. App. 642, 645, 257 S.E.2d 480, 482 (1979).

The evidence, taken in a light most favorable to the State, showed that defendant was making exchanges from a small plastic bag. The testimony showed that he then tied a knot in the bag and handed it to Speas, who in turn put it in her bra area. The bag which was recovered from Speas contained a large rock of 2.5 grams of crack cocaine. The only direct evidence of defendant possessing and selling cocaine is from Officer Moyer, who observed defendant. The physical evidence of the recovered cocaine supports Officer Moyer's testimony. Although the cocaine was not on defendant's person when he was arrested, the testimony established an unbroken chain of possession from defendant to Speas. Officer Moyer observed what later was confirmed as cocaine in defendant's possession.

Although this evidence is not overwhelming, it is sufficient to persuade a rational juror to accept the conclusion that defendant possessed the cocaine recovered from Speas. We discern no error in the trial court's denial of the motion to dismiss.

II.

**[2]** Defendant next assigns error to the trial court's denial of defendant's motion to strike Officer Moyer's testimony, which he argues characterized the defendant as a "drug dealer."

The testimony which defendant argues should have been stricken was as follows:

Q. [by Ms. Behan, for the State] Officer Moyer, can you tell the jury based on your training how the decision you made came to be to arrest these two individuals as opposed to individuals who appeared to be buying cocaine on this particular night?

A. [Officer Moyer] Yes. The whole reason for our operation was to target drug dealers.

MR. BOYCE: [counsel for defendant] Objection . . .

Defendant cites the case of *State v. Brooks*, 113 N.C. App. 451, 439 S.E.2d 234 (1994) as controlling. *Brooks* notes that "[i]n general, arguments of counsel are within the domain of the trial judge's discretion," but that in a case in which "the State's characterization of defendant appears to have been calculated to prejudice and to inflame the jury," a new trial is appropriate. *Brooks*, 113 N.C. App. at 458, 439 S.E.2d at 238-39.

*Brooks* did involve the issue of counsel arguments painting the defendant in a negative light, and resulted in a new trial, but the facts of that case are distinguishable from those of the instant case. In *Brooks* the prosecutor repeatedly asked questions about specific instances of violence in the defendant's past, and during arguments characterized defendant as a "liquor-drinking, dope-smoking, defendant." *Id.* In the present case, defense counsel had asked Officer Moyer on cross examination about all the people who had engaged in transactions with defendant and yet had not been arrested. On redirect examination, Officer Moyer was merely explaining why defendant was targeted when several people had been involved in the transactions he had witnessed. *See State v. Taylor*, 344 N.C. 31, 44, 473 S.E.2d 596, 603 (1996) ("The State, during redirect examination, is entitled to clarify and rebut issues raised during cross-examination."). Officer Moyer made a general statement which could be indirectly inferred to defendant. He was not calling defendant a name, nor was the prosecutor slandering defendant in argument. The statement did not seem purposefully calculated to prejudice the jury against the defendant.

We hold that the trial court acted within its discretion to deny the motion to strike the testimony in question.

## III.

[3] Defendant next assigns plain error to the trial court's failure to declare a mistrial on the grounds that there were reports from another judge and a bailiff that some of the jurors were in a position to see defendant in the hallway in handcuffs.

Defendant's counsel did not seek a mistrial, and did not object at trial to the trial court's ruling. Plain error review does not apply to a ruling on a motion for mistrial, but only to issues relating to jury instructions and to the admissibility of evidence. *State v. Golphin,* 352 N.C. 364, 460, 533 S.E.2d 168, 230-31 (2000), *cert. denied,* 532 U.S. 931, 149 L. Ed. 2d 305, 121 (2001). This issue is not preserved for appellate review. N.C.R. App. P. 10(c) (2004).

In this case, none of the jurors raised their hand in response to the trial court's question as to whether they saw defendant in the hallway. This is not a situation where "there are such serious improprieties as would make it impossible to attain a fair and impartial verdict under the law" and as such does not require a mistrial. *State v. Hardison,* 326 N.C. 646, 657-58, 392 S.E.2d 364 (1990) (quoting *State v. Calloway,* 305 N.C. 747, 754, 291 S.E.2d 622, 627 (1982)).

## IV.

[4] Next, the defendant argues that the trial court erred in including in the jury charge the instructions regarding "interested witness." Defendant argues that this instruction prejudiced the jury against his main witness, Monica Speas.

In reviewing a trial court's ruling on requests for jury instructions, [since the defendant properly objected at trial,] we are 'required to consider and review [the] jury instructions in their entirety.' *Estate of Hendrickson ex rel. Hendrickson v. Genesis,* 151 N.C. App. 139, 150, 565 S.E.2d 254, 262 (2002) (citation omitted). The burden is on the party assigning error to show 'that the jury was misled or that the verdict was affected by an omitted instruction.' *Bass v. Johnson,* 149 N.C. App. 152, 160, 560 S.E.2d 841, 847 (2002) (citation omitted). 'The charge will be held to be sufficient if "it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed[.]' " *Id.* (citation omitted). After reviewing the jury

instructions in their entirety, we find that the instructions were sufficient and not likely to mislead the jury.

*Davis v. Balser*, 155 N.C. App. 431, 433, 574 S.E.2d 177, 179 (2002).

In this case, the trial court instructed the jury in relevant part:

> You may find that a witness is interested in the outcome of this trial. In deciding whether to believe such a witness, you may take the interest of the witness into account. If after doing so you believe the testimony of the witness in whole or in part, you will treat what you believe the same as any other believable evidence.

Monica Speas was defendant's main witness. Evidence showed that she had lived with him and had a child with him. She was also charged with possession with intent to sell and deliver for the same incident for which the defendant was on trial. As a non-joined co-defendant, she was most likely an interested witness.

Even if she was not an interested witness, an interested witness instruction relates only to a subordinate feature of the case. *See State v. Vick*, 287 N.C. 37, 43, 213 S.E.2d 335, 339 (1975). The instruction was not so influential a part of the whole jury instructions as to have potentially prejudiced the jury against the defendant or his witnesses.

V.

[5] Defendant also assigns error to the trial court's failure to arraign the defendant as to the habitual felon indictment prior to the close of the State's evidence.

In a habitual felon situation, "[w]here there is no doubt that a defendant is fully aware of the charge against him, or is in no way prejudiced by the omission of a formal arraignment, it is not reversible error for the trial court to fail to conduct a formal arraignment proceeding." *State v. Smith*, 300 N.C. 71, 73, 265 S.E.2d 164, 166 (1980) (quoted with approval in *State v. Griffin*, 136 N.C. App. 531, 552, 525 S.E.2d 793, 807 (2000)).

In this case, the defendant pled guilty to the habitual felon charge. The trial court conducted a full inquiry into the defendant's plea, including informing him of the maximum possible sentence and the other consequences of a habitual felon conviction. The defendant was fully aware of the charges against him and the consequences of a conviction. We also note that he was notified that he was being tried as a recidivist before the trial on the possession charge. We

hold that the omission of an arraignment in this case did not prejudice the defendant.

## VI.

[6] Lastly, defendant assigns error to the indictment for the principal felony, arguing that it cannot support sentencing as a habitual felon, as the indictment does not meet statutory requirements.

Section 14-7.3 of our General Statutes provides:

> An indictment which charges a person who is an habitual felon within the meaning of G.S. 14-7.1 with the commission of any felony under the laws of the State of North Carolina must, in order to sustain a conviction of habitual felon, also charge that said person is an habitual felon. The indictment charging the defendant as an habitual felon shall be separate from the indictment charging him with the principal felony. An indictment which charges a person with being an habitual felon must set forth the date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and the identity of the court wherein said pleas or convictions took place. . . .

N.C. Gen. Stat. § 14-7.3 (2003).

In this case, one valid indictment charged defendant with possession of cocaine with intent to sell and deliver, and a separate indictment, including all the information required by the statute, charged defendant with habitual felon status. Both true bills of indictment were returned on the same day.

This Court has previously held, as defendant recognizes on appeal, that this section does not require the indictment charging defendant with the underlying felony must also charge that defendant as an habitual felon. *State v. Hodge*, 112 N.C. App. 462, 466-67, 436 S.E.2d 251, 254 (1993) (relying on *State v. Todd*, 313 N.C. 110, 326 S.E.2d 249 (1985) and *State v. Allen*, 292 N.C. 431, 233 S.E.2d 585 (1977)). Where defendant was charged in one bill of indictment with felonious possession of cocaine, and in a separate bill of indictment with being an habitual felon, the indictments were not invalid. *Id.* We likewise conclude that the indictments in the case at bar were sufficient.

We hold that defendant received a fair trial free from prejudice.

No error.

Judges BRYANT and GEER concur.