STATE OF NORTH CAROLINA
v.
MICHAEL ANTHONY BETHEA, Defendant.
No. COA07-83
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Judith Tillman, for the State.
Mary March W. Exum for defendant-appellant.
BRYANT, Judge.
Michael Anthony Bethea (defendant) appeals from his 22 June 2006 convictions for felony speeding to elude arrest, resisting a public officer, failing to wear a seatbelt and for having attained the status of an habitual felon. The charges against defendant arose when, on 8 August 2005, defendant refused to stop his vehicle as requested by a police officer who was attempting to serve defendant with an outstanding arrest warrant. Instead of complying with the officer's directions, defendant drove off at an aggressive rate of speed. After a high-speed pursuit involving five or more police or sheriff's department cars, defendant stopped his car in a driveway and attempted to flee on foot. Defendant was quickly apprehended and arrested. The pursuit of defendant by police, from the time defendant was initially asked to stop, was recorded on a video recorder mounted in an officer's patrol car. The video recording was entered into evidence at defendant's trial.
Defendant was convicted by a jury of all charges except the habitual felon charge to which defendant pled guilty. Defendant now appeals his convictions.
Defendant presents two issues on appeal: (I) whether the trial court had jurisdiction to enter judgment against defendant; and (II) whether defendant's trial counsel rendered ineffective assistance of counsel.

I
Defendant first argues the trial court had no jurisdiction to enter judgment against him because the indictment was defective. We note that defendant did not include this assignment of error in the record as required by North Carolina Appellate Rules 9(a)(1)(k) and 10(c)(1). Normally, such failure would preclude this Court's review of the issue. However, because defects in an indictment may result in the lack of subject matter jurisdiction of the trial court, we address this issue ex mero motu. See Reece v. Forga, 138 N.C. App. 703, 704, 531 S.E.2d 881, 882 ("[A] court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action ex mero motu when subject matter jurisdiction is lacking."), disc. review denied, 352 N.C. 676, 545 S.E.2d 428 (2000).
Defendant asserts that the indictment charging defendant with the felony of speeding to elude arrest should have stated that at the time of this new offense, defendant had achieved the status of habitual felon. Defendant cites N.C. Gen. Stat. § 14-7.3 in support of his argument that the omitted statement was required and, as a result, his convictions must be reversed. We find defendant's claim to be without merit.
Contrary to defendant's contention, this Court has previously held that N.C. Gen. Stat. § 14-7.3 does not require the indictment charging a defendant with the underlying felony to also charge defendant as an habitual felon. State v. Peoples, 167 N.C. App. 63, 71, 604 S.E.2d 321, 327 (2004); State v. Hodge, 112 N.C. App. 462, 466-67, 436 S.E.2d 251, 254 (1993). Consequently, this assignment of error is overruled.

II
In his remaining assignment of error, defendant asserts he was denied effective assistance of counsel because his trial counsel failed to present evidence of defendant's medical history including the records from defendant's hospitalization in October 2003 and in August 2005. Defendant contends that these medical records would have been important in proving defendant's state of mind at the time of his arrest. In addition, he contends that the records from his hospitalization in October 2003 would have corroborated his testimony that he was scared to stop for the police because he had been injured by police when stopped in October 2003 resulting in his hospitalization for two weeks. Defendant asserts that the records for his hospitalization in August 2005 would have corroborated his testimony regarding how he was treated by police during his arrest in this case. In support of his argument, defendant has appended to his brief the medical records he contends his trial counsel should have offered at his trial.
To demonstrate ineffective assistance of counsel, defendant must show that his counsel's conduct fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, reh'g denied 467 U.S. 1267, 82 L. Ed. 2d 864 (1984). Such a showing requires defendant to satisfy the two-prong test announced by the United States Supreme Court in Strickland and adopted by our Supreme Court: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. State v. Braswell, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985). It is well established that an attorney's tactical decisions are within the broad scope of reasonable professional judgment and, consequently, will not give rise to an ineffective assistance claim. State v. Langley, 173 N.C. App. 194, 200, 618 S.E.2d 253, 257 (2005), disc. review dismissed and denied, 360 N.C. 366, 630 S.E.2d 447 (2006).
As an initial matter, we note that determining what evidence to present is a matter of trial strategy that is well within the scope of counsel's discretion. Our Supreme Court has held:
[T]he decisions on what witnesses to call, whether and how to conduct cross examination, . . . what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client. Trial counsel are necessarily given wide latitude in these matters. Ineffective assistance of counselclaims are not intended to promote judicial second-guessing on questions of strategy as basic as the handling of a witness.
State v. Milano, 297 N.C. 485, 495, 256 S.E.2d 154, 160 (1979) (citations and quotation marks omitted), overruled on other grounds, State v. Grier, 307 N.C. 628, 300 S.E.2d 351 (1983).
Furthermore, we find it questionable that these medical records would have bolstered defendant's own testimony as to his medical conditions and his state of mind at the time of the arrest. First, the records do not provide adequate documentation of his conditions and medications. The only document that lists defendant's medications is undated and does not describe the conditions for which they were prescribed. In addition, most of the medical conditions reflected in the hospital records are only those self-reported by defendant.
More critically, the hospital records regarding defendant's hospital treatment in 2003 would have not only further highlighted a prior arrest of defendant for assault on a police officer, it would have directly impeached defendant's testimony. Defendant testified that as a result of the alleged injuries he received from police during his arrest in 2003, he was in the hospital for two weeks. However, the corresponding hospital records show that defendant was brought to the hospital emergency room complaining of a headache and neck and lower back pain after a fall in his jail cell and that this hospital visit lasted less than four hours. After tests showed no fractures or other abnormalities, defendant was discharged as ambulatory with prescriptions for pain medications.
Upon review of the proposed medical records, we disagree with defendant that there was no strategic reason for trial counsel's failure to offer them as evidence. Defendant was permitted to testify at length about his state of mind at the time of the arrest and his various medical problems. More importantly, the records were not only incomplete, but could have impeached defendant's credibility. Consequently, we conclude that trial counsel's decision not to offer the records was not an unreasonable strategy. As such, defendant's second assignment of error is overruled.
No error.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).