**STATE v. REEVES**

[218 N.C. App. 570 (2012)]

STATE OF NORTH CAROLINA v. DOUGLAS ELMER REEVES

No. COA11-480

(Filed 7 February 2012)

**1. Motor Vehicles—driving while impaired—sufficient evidence**

The trial court did not err in a driving while impaired case by denying defendant's motion to dismiss for insufficient evidence. The State presented sufficient evidence of each essential element of the offense, including that defendant was the driver of the vehicle.

**2. Jurisdiction—subject matter—superior court—reckless driving to endanger—charge dismissed at district court**

The superior court lacked jurisdiction to try defendant for the charge of reckless driving to endanger as the State had dismissed the charge in district court and did not indict defendant in superior court for that charge. Even though the superior court arrested judgment on the charge, defendant's argument was properly before the Court of Appeals as the arrested judgment did not vacate the underlying verdict.

**3. Sentencing—aggravating factors—insufficient notice—vacated and remanded for resentencing**

The State failed to provide defendant in a driving while impaired case with the statutorily required notice of its intention to use an aggravating factor under N.C.G.S. § 20-179(d). Defendant's sentence on the DWI charge was vacated and remanded to the trial court for resentencing.

Appeal by Defendant from judgment entered 16 December 2010 by Judge W. Erwin Spainhour in Superior Court, Union County. Heard in the Court of Appeals 11 October 2011.

*Attorney General Roy Cooper, by Assistant Attorney General John W. Congleton, for the State.*

*Robert W. Ewing for Defendant.*

McGEE, Judge.

**STATE v. REEVES**

[218 N.C. App. 570 (2012)]

Douglas Elmer Reeves (Defendant) was charged on 6 February 2010 with driving while impaired (DWI) and reckless driving to endanger. The record indicates that there was a district court trial at which the State took a voluntary dismissal of Defendant's reckless driving charge. Defendant appealed to superior court and, after a jury trial, was found guilty of DWI and reckless driving to endanger on 16 December 2010. The trial court arrested judgment as to the charge of reckless driving to endanger, stating that "this charge is used to enhance the DWI[.]" The trial court determined that Defendant's driving was "especially reckless" and that this "aggravating factor[] . . . substantially outweigh[ed] any mitigating factor[,]" and therefore imposed Level Three punishment.

The evidence at trial tended to show that, on 6 February 2010, Trooper Perry Smith (Trooper Smith) of the North Carolina Highway Patrol responded to a call concerning a collision. Upon arriving at the scene, Trooper Smith observed a 1995 GMC vehicle in a drainage ditch, positioned at a forty-five degree angle. There was no damage to the vehicle.

As Trooper Smith approached the vehicle, he saw Defendant sitting in the driver's side of the vehicle. Trooper Smith asked Defendant what happened and Defendant responded that the vehicle was out of gas. Trooper Smith noticed that Defendant was "confused," had "red glassy eyes," slurred speech, and smelled strongly of alcohol. Trooper Smith also noticed that Defendant was unsteady on his feet when he walked.

Trooper Smith performed an alcosensor test for impairment and asked Defendant to perform an ABC test, a number counting test, and a finger test. Defendant had a positive reading on the alcosensor test and was unable to complete the other tests. Trooper Smith arrested Defendant for DWI, took him to the county jail, and administered an intoxometer test. Defendant's blood alcohol level registered 0.15 on the intoxometer test. Trooper Smith administered other field sobriety tests while at the jail, none of which Defendant accomplished to Trooper Smith's satisfaction.

In addition to the tests Trooper Smith administered, he asked Defendant where he was coming from, and Defendant stated that he was going home from "Reds Gone Country" where he had consumed three beers and three shots. Defendant admitted to Trooper Smith that he had been driving the vehicle that had run out of gas.

At trial, Defendant's wife testified that Defendant had called her from "Reds" the evening of 6 February 2010 and requested that she pick him up and take him home because he was intoxicated. Defendant's wife further testified that she did pick Defendant up, but when the vehicle ran out of gas, she pulled it into the ditch, called a neighbor to pick her up, and went to get gas. Defendant's wife claimed that, upon returning with the gas, she saw Defendant being arrested and so she continued driving and did not stop. At trial, Defendant testified that he was never driving the vehicle. Defendant testified that, because of the way the vehicle was positioned, he "crawled" into the driver's seat while Defendant's wife and neighbor were getting the gas.

## I. Issues on Appeal

Defendant raises the following issues on appeal: (1) the trial court erred by failing to dismiss the DWI charge based on the insufficiency of the evidence as to the required element that Defendant drove the vehicle; (2) the trial court lacked jurisdiction to try Defendant on the reckless driving to endanger charge when the charge had previously been dismissed by the district court; (3) the trial court erred in aggravating the DWI sentence when the State failed to give proper notice of its intent to seek an aggravated range sentence for the DWI conviction; and (4) the trial court erred by sentencing Defendant to an aggravated DWI sentence where the State did not prove an aggravating factor beyond a reasonable doubt.

## II. Motion to Dismiss

### A. Standard of Review

[1] When considering the denial of a "defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom[.]" *Id.* at 99, 261 S.E.2d at 117. " 'Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion.' " *State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 255 (2002) (citation omitted). "If the evidence is sufficient only to raise a suspicion or conjecture as to either the commis-

sion of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed." *Powell*, 299 N.C. at 98, 261 S.E.2d at 117. "The trial court in considering such motions is concerned only with the sufficiency of the evidence to carry the case to the jury and not with its weight." *Id.* at 99, 261 S.E.2d at 117. "The test of the sufficiency of the evidence to withstand the motion is the same whether the evidence is direct, circumstantial or both." *Id.*

## B. Discussion

Defendant argues there was insufficient evidence that he drove the vehicle and, therefore, his motion to dismiss the DWI charge should have been granted by the trial court. We disagree.

Defendant was charged with DWI and, pursuant to N.C. Gen. Stat. § 20-138.1(a) (2011),

> [a] person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State:
>
> (1) While under the influence of an impairing substance; or
>
> (2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.08 or more[.]

"The essential elements of DWI are: (1) Defendant was driving a vehicle; (2) upon any highway, any street, or any public vehicular area within this State; (3) while under the influence of an impairing substance." *State v. Mark*, 154 N.C. App. 341, 345, 571 S.E.2d 867, 870 (2002).

Defendant correctly asserts that the State presented no testimony from anyone who actually saw Defendant driving the vehicle while he was impaired, and states that the "damaging testimony" came from Trooper Smith who testified to Defendant's admission that he was driving the vehicle. Defendant argues that the only evidence presented as to whether Defendant was driving the vehicle is Defendant's own extrajudicial confession. As such, Defendant contends, this extrajudicial statement is not sufficient evidence to support the conviction.

While it is well-settled that "a naked, uncorroborated, extrajudicial confession is not sufficient to support a criminal conviction," *State v. Trexler*, 316 N.C. 528, 531, 342 S.E.2d 878, 880 (1986), we disagree with Defendant's argument because there was, in fact, other circumstantial evidence to support Defendant's conviction. In addi-

tion to Defendant's admission that he was driving, the State presented circumstantial evidence that when Trooper Smith arrived at the scene, no one was in the vehicle other than Defendant and Defendant was sitting in the driver's seat.

Although Defendant offered an explanation of why he was the only person in the vehicle when Trooper Smith ·arrived, "[t]he evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom[.]" *Powell*, 299 N.C. at 99, 261 S.E.2d at 117. Viewing the evidence in the light most favorable to the State, we conclude that there was sufficient evidence to support a jury's conclusion that Defendant was driving the vehicle. We therefore affirm the trial court's denial of Defendant's motion to dismiss.

### III.  Lack of Jurisdiction

**[2]**  Defendant next argues that the trial court lacked jurisdiction to try him for the charge of reckless driving to endanger because that charge had previously been dismissed in district court. We agree. The record in this case shows that the State dismissed the reckless driving to endanger charge in district court and did not indict Defendant in superior court for that charge. In *State v. Phillips*, 127 N.C. App. 391, 489 S.E.2d 890 (1997), this Court addressed a similar situation. We noted that, "because the State took a voluntary dismissal at the district court on [a] speeding charge, that offense was not properly before the superior court for final disposition." *Id.* at 392, 289 S.E.2d at 891. Because "[t]he record [did] not indicate that the State took the voluntary dismissal pursuant to any plea arrangement with [the] defendant[,] . . . . the superior court did not have jurisdiction over the speeding offense." *Id.* at 392-93, 489 S.E.2d at 891.

In the present case, the State dismissed the charge of reckless driving to endanger in district court. As in *Phillips*, the record does not indicate that the dismissal was entered pursuant to any plea arrangement with Defendant. Thus, the superior court did not have jurisdiction over the charge of reckless driving to endanger. *Id.* "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981). We therefore vacate the judgment as to the charge of reckless driving to endanger.

We note that the State contends that Defendant's argument is not properly before this Court because the trial court arrested judgment on the reckless driving charge and, therefore, there has been no final judgment entered on Defendant's conviction for that charge. We disagree.

The State cites *State v. Escoto*, 162 N.C. App. 419, 590 S.E.2d 898 (2004) in support of its argument. However, we note that *Escoto* dealt with a prayer for judgment continued and not an arrested judgment. In *State v. Casey*, 195 N.C. App. 460, 673 S.E.2d 168, 2009 WL 367734 (2009) (unpublished opinion), an unpublished opinion, this Court has applied the reasoning of *Escoto* to an arrested judgment, and held that an arrest of judgment which has the effect of vacating the underlying verdict does not amount to a final judgment which this Court may review.

However, an arrest of judgment does not always have the effect of vacating an underlying verdict. In certain cases, "an arrest of judgment does . . . have the effect of vacating the verdict," but "in other situations an arrest of judgment serves only to withhold judgment on a valid verdict which remains intact." *State v. Pakulski*, 326 N.C. 434, 439, 390 S.E.2d 129, 132 (1990). Whether a verdict has been vacated will determine whether the arrested judgment serves as a final judgment, thus making its appeal before this Court proper.

"When judgment is arrested because of a fatal flaw which appears on the face of the record, such as a substantive error on the indictment, the verdict itself is vacated and the state must seek a new indictment if it elects to proceed again against the defendant." *Id.* However,

> when judgment is arrested on predicate felonies in a felony murder case to avoid a double jeopardy problem, the guilty verdicts on the underlying felonies remain on the docket and judgment can be entered if the conviction for the murder is later reversed on appeal, and the convictions on the predicate felonies are not disturbed upon appeal.

*Id.* at 439-40, 390 S.E.2d at 132.

In the first type of arrested judgment—where a " 'motion in arrest of judgment is . . . made after verdict to prevent entry of judgment based on a defective indictment or some fatal defect on the face of the record proper' "—a "court is free to arrest judgment in a proper case on its own motion[.]" *Id.* at 439, 390 S.E.2d at 131 (citation omit-

ted). In *Casey*, our Court noted that "the effect of the trial court's arresting judgment [for these reasons] . . . was *vacatur* of defendant's conviction on that . . . charge." *Casey*, 2009 WL 367734 at *6. We held that this type of arrested judgment created "no final judgment to review on appeal" and appeal therefrom was not properly before this Court. *Id.* Neither the State, Defendant, nor our own research, has revealed a case in which our Court or our Supreme Court has stated that the second type of arrested judgment—where it is entered to avoid double jeopardy and therefore does not amount to *vacatur*—is a final judgment.

In the present case, as in *Pakulski*, because the additional conviction of reckless driving was arrested because it was "used to enhance the DWI," it therefore remains on the docket and could be revisited on remand. Because the arrested judgment in the present case did not vacate the underlying verdict, this issue is properly before us.

### IV. Notice of Aggravating Factors

#### A. *Standard of Review*

[3] Defendant alleges a violation of a statutory mandate, and "[a]lleged statutory errors are questions of law." *State v. Mackey*, ___ N.C. App. ___, ___, 708 S.E.2d 719, 721 (2011). A question of law is reviewed *de novo*. *Id.* Under the *de novo* standard, the Court " 'considers the matter anew and freely substitutes its own judgment' for that of the lower" court. *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citation omitted).

#### B. *Discussion*

Pursuant to N.C. Gen. Stat. § 20-179(a1)(1) (2011), if a defendant appeals a DWI conviction to superior court and the State intends to use one or more aggravating factors under N.C.G.S. § 20-179(c) or (d), then the State is required to "provide the defendant with notice of its intent . . . no later than 10 days prior to trial[.]" In the present case, the record reveals that the State failed to provide notice to Defendant of its intent to pursue any aggravating factors.

It is evident that the State failed to provide Defendant with the statutorily required notice of its intention to use an aggravating factor under N.C.G.S. § 20-179(d). We must therefore vacate Defendant's sentence as to the DWI charge and remand to the trial court for resentencing. *See Mackey*, ___ N.C. App. at ___, 708 S.E.2d at 722 ("Accordingly, we hold that the trial court erred by sentencing defend-

IN RE FAMILY TREE FARM, LLC

[218 N.C. App. 577 (2012)]

ant in the aggravated range based upon the State's failure to provide proper written notice to defendant. We therefore reverse the sentence of the trial court as to defendant's convictions . . . and remand to the trial court for resentencing.").

Affirmed in part, vacated in part and remanded for resentencing.

Judges HUNTER, Robert C. and CALABRIA concur.