BRYANT, Judge.
Where there was sufficient evidence to support a finding that defendant was driving a vehicle while impaired, we affirm the trial court's denial of defendant's motion to dismiss. Because defendant failed to show how the jury was misled or misinformed as to the law of the case, we overrule defendant's argument for a new trial based on a denial of his request for an instruction on interested witnesses.
On 1 June 2012, the Honorable April Wood, Judge presiding, entered judgment against defendant in Davidson County District Court for the offense of impaired driving. Defendant was sentenced to a term of twelve months; the sentence was then suspended and defendant placed on supervised probation for a period of twelve months with seven days active jail time to be served at the direction of the probation officer. Defendant appealed the judgment to Davidson County Superior Court.
A jury trial was held in Davidson County Superior Court during the 18 November 2013 Criminal Session before the Honorable Anna M. Wagoner, Judge presiding. The evidence presented at trial tended to show that on 7 November 2010, Highway State Trooper Dustin Motsinger was on duty in Rowan County. At 11:37 p.m., Trooper Motsinger was dispatched to check on a disabled vehicle on Interstate 85 near the Rowan-Davidson County line. There, on the southbound portion of I-85, the trooper encountered a vehicle sitting stationary in the right lane. Trooper Motsinger testified that, at the time, there was a concrete barricade positioned approximately two feet outside of the road's white "fog line," and that there was no place for the vehicle to pull off of the road. Trooper Motsinger parked his patrol vehicle behind the stationary vehicle and turned on his emergency equipment, "blue lights, and the wig-wags, which are alternating headlights and taillights." As the trooper approached the vehicle, he noted that the vehicle's headlights were dimming. He observed defendant Christopher Lee King sitting in the driver's seat. Defendant was pushing a button, and the trooper noted that "a gear shift in the car [would] start to rise up and then it'd go back down." At that point, defendant rolled down his window. Trooper Motsinger asked defendant if he was okay, if he needed assistance, and what could be done to move the vehicle off of the roadway.
A. He stated he had ran [sic] out of gas and that's why his car would not crank.
...
Q. Was there anyone else in the vehicle with him?
A. No. There was nobody else in the vehicle at all.
Trooper Motsinger observed a moderate odor of an alcoholic beverage, that defendant's eyes were red and glassy, and that when he spoke, defendant's speech was slurred. The trooper asked defendant to step out of the vehicle and move to the trooper's patrol vehicle. In the patrol car, the trooper asked defendant if he would make a voluntary written statement, to which defendant consented. Defendant informed Trooper Motsinger that "he was coming from Greensboro from a party, ... with five girls. Coming from a party with girls and that he was coming back home to Charlotte from Greensboro when he ran out of gas." Shortly thereafter, Trooper Josh Vernon arrived at the scene.
Trooper Motsinger noted that defendant appeared to be unsteady on his feet. Trooper Motsinger asked defendant if he would submit to some standardized field-sobriety tests: the Horizontal Gaze Nystagmus test; a walk-and-turn test; and a oneleg stand. Having observed defendant's conduct during the three standardized field sobriety tests administered by Trooper Motsinger, Trooper Vernon placed defendant under arrest for driving while impaired.
At the Davidson County Jail, defendant submitted to a breath-test. Defendant's recorded alcohol concentration was 0.17. Defendant stated, "I'm good. I only blew a .17."
At trial, when asked whether he recalled defendant saying that he drove the disabled vehicle, Trooper Vernon gave the following testimony:
Q. And you don't recall today whether [defendant] even said he was driving the vehicle or any action verb like that?
A. I vaguely remember that. But at what point he said that, whether it was after I had arrested him-I do remember him saying that. But for me to testify to the exact minute when he said that, I just can't do that. I just don't remember when he said that.
Following the close of all evidence, the jury found defendant guilty of driving while impaired. The trial court imposed Level Two Punishment pursuant to N.C. Gen.Stat. § 20-179. After sentencing defendant to an active term of twelve months, the trial court suspended the sentence and placed defendant on supervised probation for a period of twenty-four months.
On 21 November 2013, the trial court modified the order to include a split sentence with seven days active time to be served in the Davidson County Jail at the direction of his probation officer. Defendant appeals.
On appeal, defendant raises the following issues: whether the trial court erred by (I) denying his motion to dismiss; and (II) overruling his request for a pattern jury instruction.
I
Defendant argues that the trial court erred in denying his motion to dismiss because there was insufficient evidence to show defendant drove the vehicle on the night in question. Specifically, defendant contends that other than defendant's extrajudicial statement to a law enforcement officer that he was driving the vehicle, there was insufficient evidence to corroborate this statement, and thus, defendant's conviction for impaired driving was a violation of the corpus delictirule. We disagree.
[T]he phrase "corpus delicti" means the "body of the crime." To establish guilt in a criminal case, the prosecution must show that (a) the injury or harm constituting the crime occurred; (b) this injury or harm was caused by someone's criminal activity; and (c) the defendant was the perpetrator of the crime. It is generally accepted that the corpus delicticonsists only of the first two elements, and this is the North Carolina rule.
State v. Parker,315 N.C. 222, 231, 337 S.E.2d 487, 492-93 (1985) (citations and footnote omitted).
[W]hen the State relies upon the defendant's confession to obtain a conviction, it is [not] ... necessary that there be independent proof tending to establish the corpus delictiof the crime charged if the accused's confession is supported by substantial independent evidence tending to establish its trustworthiness, including facts that tend to show the defendant had the opportunity to commit the crime.
We wish to emphasize, however, that when independent proof of loss or injury is lacking, there must be strongcorroboration of essentialfacts and circumstances embraced in the defendant's confession.
Id.at 236, 337 S.E.2d at 495.
"The denial of a motion to dismiss for insufficient evidence is a question of law which we review de novo." State v. Rouse,198 N.C.App. 378, 381-82, 679 S.E.2d 520, 523 (2009) (citations omitted). "When ruling on a motion to dismiss, all of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." Id.at 381, 679 S.E.2d at 523 (citations omitted).
In State v. Reeves,218 N.C.App. 570, 721 S.E.2d 317 (2012), the defendant contended that the trial court failed to grant his motion to dismiss the charge of driving while impaired on the basis of insufficient evidence. On appeal, the defendant argued that, absent his admission, there was no corroborating evidence to establish he was driving the vehicle while impaired. Id.at 573, 721 S.E.2d at 320. This Court held that the circumstantial evidence, in conjunction with the defendant's admission, supported the defendant's conviction for driving while impaired. The evidence presented showed that when a law enforcement officer responded to a report of a vehicle collision, the officer observed a vehicle in a drainage ditch at a forty-five degree angle. Id.at 571, 721 S.E.2d at 319. The defendant was sitting in the driver's seat and he was the only person in the vehicle. Id.at 574, 721 S.E.2d at 321. We held that in the light most favorable to the State, the evidence was sufficient to support the jury's conclusion that the defendant was driving the vehicle and, thus, affirmed the trial court's denial of the defendant's motion to dismiss. Id.
Here, the record contains independent evidence showing that defendant was driving while impaired. Defendant was observed sitting in the driver's seat of a vehicle that was sitting stationery in the right, southbound lane of Interstate 85 near the Rowan-Davidson County line. Defendant, who was the only person in the vehicle, was observed by Trooper Motsinger to be pushing a button, noting that "a gear shift in the car [would] start to rise up and then it'd go back down."
A. [Defendant] stated he had ran [sic] out of gas and that's why his car would not crank.
...
A. I asked the gentleman where he was coming from, and he said he was coming from Greensboro from a party.
Q. Was there anyone else in the vehicle with him?
A. No. There was nobody else in the vehicle at all.
Trooper Motsinger testified that he observed the moderate odor of an alcoholic beverage, that defendant's eyes were red and glassy, and that when he spoke, defendant's speech was slurred.
Viewing the evidence in the light most favorable to the State, we hold that the circumstantial evidence, as related by Trooper Motsinger, in conjunction with defendant's statements to Trooper Motsinger, was sufficient to support a conclusion that defendant was driving the vehicle. See id.Therefore, we affirm the trial court's denial of defendant's motion to dismiss. Accordingly, defendant's argument is overruled.
II
Next, defendant argues that the trial court erred in denying defendant's request for a pattern jury instruction on interested witnesses. For this error, defendant contends he is entitled to a new trial. We disagree.
"We review a trial court's denial of a request for jury instructions de novo." State v. Ramseur,--- N.C.App. ----, 739 S.E.2d 599, 606, appeal dismissed, review and cert. denied,366 N.C. 599, 743 S.E.2d 219 (2013).
"[A]n instruction to scrutinize the testimony of a witness on the ground of interest or bias is a subordinate feature of the case which does not require the trial judge to give the cautionary instruction unless there is a request for such an instruction." State v. Dale,343 N.C. 71, 77-78, 468 S.E.2d 39, 43 (1996) (citation and quotations omitted).
[On appeal,] [t]he burden is on the party assigning error to show that the jury was misled or that the verdict was affected by an omitted instruction. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed.
State v. Peoples,167 N.C.App. 63, 69, 604 S.E.2d 321, 326 (2004) (citations and quotations omitted).
"This Court has held that a police officer is not an interested witness as a matter of law." State v. Sowden,48 N.C.App. 570, 574-75, 269 S.E.2d 274, 277 (1980) (citation omitted), cited in State v. King,No. COA01-758, 2002 WL 418385, at *2 (N.C.App. Mar. 19, 2002) (unpublished) (overruling the defendant's argument that he was entitled to an interested witness instruction where the law enforcement officers were acting overtly in their capacity as law enforcement officers).
At trial, during the charge conference, defendant requested that the trial court instruct the jury using pattern jury instruction-criminal 104.20 regarding the testimony of interested witnesses. The prosecutor "inquire[d] ... why the Defense is asking for the 104.20...." "Because I want it and I don't have to give a reason for it, Your Honor. There are certain circumstances where it's appropriate." On appeal, defendant argues that his case hinges on the credibility of the two law enforcement officers who testified for the State. Defendant points to inconsistencies between the testimonies of Troopers Motsinger and Vernon such as where defendant was sitting when Trooper Vernon arrived on the scene and defendant's exact words as to why the vehicle was inoperable.
Defendant requested that the trial court give an instruction on interested witnesses per N.C.P.I.-Crim. 104.20, which states, as follows:
You may find that a witness is interested in the outcome of this trial. You may take the witness's interest into account in deciding whether to believe the witness. If you believe the testimony of the witness in whole or in part, you should treat what you believe the same as any other believable evidence.
N.C.P.I.-Crim. 104.20 (2011). The trial court denied defendant's request for the pattern jury instruction. The trial court gave the following jury instruction:
You are the sole judges of the believability of a witness. You must decide for yourselves whether to believe the testimony of any witness. You may believe all, or any part or none of a witness's testimony. In deciding whether to believe a witness, you should use the same tests of the truthfulness that you use in your everyday lives. Among other things, these tests may include the opportunity of the witness to see, hear, know or remember the facts or occurrences about which the witness testified; the manner and appearance of the witness; any interest, bias, prejudice or partiality the witness may have; the apparent understanding and fairness of the witness; whether the testimony is reasonable and whether the testimony is consistent with other believable evidence in the case.
We believe the trial court's jury charge was sufficient as it presented the law of the case and was presented in such a manner as to leave no reasonable doubt that it was the duty of the jury to determine whether there was any interest or bias in the witnesses who testified. See Peoples,167 N.C.App. at 69, 604 S.E.2d at 326. Therefore, we hold defendant has failed to meet his burden of showing that the jury was misled or that the verdict was affected by an omitted instruction or that the trial court committed error by denying his request for the pattern jury instruction on interested witness testimony. Accordingly, we find no error in the judgment of the trial court.
NO ERROR.
Judges STROUD and HUNTER, Jr., concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 21 November 2013 by Judge Anna M. Wagoner in Davidson County Superior Court. Heard in the Court of Appeals 3 February 2015.