STATE OF NORTH CAROLINA v. LARRY THOMAS SEXTON

No. COA12-445

(Filed 6 November 2012)

**1. Identity Theft—attempt to avoid legal consequences— social security number written on citation**

The trial court did not err by denying defendant's motion to dismiss the charge of identity theft. Defendant provided Mr. Ward's name, date of birth, employer, and possible address in an attempt to avoid the legal consequences of defendant's actions. By Mr. Ward's social security number being written on the citation issued to defendant, the jury could conclude that defendant "used" or "possessed" the social security number to avoid legal consequences.

**2. Identity Theft—instruction—identifying information**

The trial court did not commit plain error in an identity theft case by failing to instruct the jury that the "identifying information" involved in this case was the social security number. Based on the facts of this case, it was clear what identifying information was obtained, possessed, or used by defendant.

Appeal by Defendant from judgment entered 27 September 2011 by Judge James U. Downs in Superior Court, Buncombe County. Heard in the Court of Appeals 25 September 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Ward Zimmerman, for the State.*

*Gilda Rodriguez for Defendant-Appellant.*

McGEE, Judge.

Larry Thomas Sexton (Defendant) was convicted of identity theft on 27 September 2011 and sentenced to a term of imprisonment of 26 months to 32 months. Defendant appeals.

The evidence presented at trial tended to show that Defendant was observed engaging in shoplifting at a Best Buy in Asheville. The manager of the Best Buy detained Defendant and asked him to wait while the police were called. Officer Lynn Wilson (Officer Wilson) of the Asheville Police Department responded and conducted an interview with Defendant in an office at the Best Buy. Officer Wilson testified that Defendant did not have any identification with him, but that he stated his name was "Roy Lamar Ward." Defendant did provide Officer Wilson with a birth date, telephone number, and employer. Officer Wilson ran a check on the information Defendant had given her and the information she obtained corresponded to "Roy Lamar Ward." Defendant also stated to Officer Wilson that his address was "33 or 74 Winesap Drive, Hendersonville, North Carolina." Officer Wilson issued a citation in the name of Roy Lamar Ward (Mr. Ward) to Defendant for shoplifting. The citation issued to Defendant contained a social security number. Officer Wilson did not testify that Defendant provided her with the social security number listed in the citation. The record is unclear as to where Officer Wilson obtained the social security number.

A man named Roy Lamar Ward was later arrested for Defendant's actions that gave rise to the citation. Michael Downing, an investigator with the district attorney's office (Investigator Downing), showed Officer Wilson a photograph of Mr. Ward and one of Defendant. Officer Wilson identified Defendant as the person to whom she had issued the citation in the Best Buy office. Investigator Downing also spoke to the manager of the Best Buy who identified Defendant from a photographic line-up. Investigator Downing then obtained a warrant for the arrest of Defendant for identity theft.

Defendant was indicted on 4 April 2011 in an indictment containing language charging that Defendant did

knowingly obtain, possess or use identifying information, name, date of birth, and Social Security number, of another person, Roy Lamar Ward, with the intent to fraudulently represent that . . . [D]efendant was the other person for the purpose of avoiding legal consequences. Roy Lamar Ward was arrested as a proximate result of this offense.

## I. Issues on Appeal

Defendant raises on appeal the issues of: (1) whether the trial court erred in denying Defendant's motion to dismiss based on insufficient evidence and a fatal variance between the evidence presented and the allegations of the indictment; and (2) whether the trial court committed plain error by failing to properly instruct the jury on identity theft.

## II. Motion to Dismiss

**[1]** Defendant first argues that the trial court erred by denying his motion to dismiss. Specifically, Defendant contends there was insufficient evidence that he "gave 'identifying information,' pursuant to the statute, to Officer Lynn Wilson[.]" Defendant asserts that there was no evidence that the social security number written on the citation was "provided by" Defendant. Defendant also argues that there was a fatal variance between the evidence and the indictment, in that the indictment required proof of Defendant's having provided the social security number. We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). " 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (citation omitted). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994).

The elements of identity theft are set forth by statute as follows:

A person who knowingly *obtains, possesses, or uses* identifying information of another person, living or dead, with the

intent to fraudulently represent that the person is the other person for the purposes of making financial or credit transactions in the other person's name, to obtain anything of value, benefit, or advantage, or for the purpose of avoiding legal consequences is guilty of a felony[.]

N.C. Gen. Stat. § 14-113.20(a) (2011) (emphasis added). The term "identifying information" includes, *inter alia*, social security numbers, state identification card numbers, and "[a]ny other numbers or information that can be used to access a person's financial resources." *Id.* The indictment in the present case specifically listed the identifying information as the "name, date of birth, and Social Security number, of" Mr. Ward. As stated above, Defendant's argument concerning his motion to dismiss is that there was insufficient evidence that Defendant provided Mr. Ward's social security number to Officer Wilson.

However, reviewing the statute, we conclude that the issue involved in the present case is not whether Defendant "provided" Mr. Ward's social security number, but whether Defendant "obtain[ed], possess[ed], or us[ed]" Mr. Ward's social security number. *See* N.C.G.S. § 14-113.20(a). We have found little case law addressing the interpretation of "obtains, possesses, or uses[.]" Our Court did address the word "use" in *State v. Barron*, 202 N.C. App. 686, 690 S.E.2d 22 (2010). In *Barron*, the defendant was charged with identity theft after using his brother's information to identify himself to police. *Id.* at 693-94, 690 S.E.2d at 28. The police officer who completed an arrest sheet for the defendant testified that he asked the defendant if he knew his social security number, to which the defendant replied negatively. *Id.* The officer took the name and date of birth provided and found a social security number which he then wrote on the arrest sheet. *Id.* The officer asked the defendant if the last four digits of the number he had discovered matched the last four digits of the defendant's social security number, to which the defendant replied affirmatively. *Id.*

Reviewing the sufficiency of the evidence on appeal in *Barron*, this Court noted that the "[d]efendant d[id] not deny using his brother's name and birth date to identify himself to police." *Id.* at 694, 690 S.E.2d at 28. The defendant argued that " 'agreeing with the police officer's recitation of the last four digits of that other person's social security number . . . is [not] "use [of] identifying information" within N.C.G.S. § 14–113.20.' " *Id.* This Court ultimately disagreed with the

defendant and concluded that the "[d]efendant's active acknowledgment to [the officer] that the last four digits of his social security number were '2301' was a 'use [of] identifying information' of another person within the meaning of N.C. Gen. Stat. § 14–113.20(a)." *Id.*

In the present case, Defendant provided Officer Wilson with Mr. Ward's name, employer, date of birth, and possible address. It appears that Officer Wilson took this information and obtained Mr. Ward's social security number from her squad-car computer. Officer Wilson then wrote Mr. Ward's social security number on the citation and issued the citation to Defendant. Unlike *Barron*, Defendant did not sign the citation nor did he confirm the social security number.

Viewing this evidence in the light most favorable to the State, we find sufficient evidence that Defendant did obtain, possess, or use Mr. Ward's social security number when Officer Wilson issued Defendant a citation that contained Mr. Ward's social security number. Further, Defendant provided Mr. Ward's name, date of birth, employer, and possible address in an attempt to avoid the legal consequences of Defendant's actions. Defendant's extensive arguments concerning the lack of evidence that he "provided" the social security number to Officer Wilson are inapposite given that the statute and the indictment refer not to "providing" but to "obtaining, using, or possessing." Notwithstanding the distinction between the present case and Barron, we conclude that, by Mr. Ward's social security number being written on the citation issued to Defendant, the jury could conclude that Defendant "used" or "possessed" the social security number to avoid legal consequences.

### III.  Jury Instructions

[2] Defendant next argues the trial court committed plain error when instructing the jury. Defendant did not object to the trial court's instruction and we are therefore limited to plain error review. Defendant argues:

> The jury needed to be instructed on what information mattered in deciding whether [Defendant] was innocent or guilty. Without the specificity the North Carolina Pattern Jury Instructions suggest for the first element, it is unclear whether the jury considered other identifying information—name, date of birth, address, telephone number, and place of employment—that was in evidence but not in violation of the identity theft statute under which [Defendant] was charged.

The North Carolina Supreme Court "has elected to review unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence." *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996) (citations omitted). "For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial." *State v. Lawrence*, ___ N.C. ___, ___, 723 S.E.2d 326, 334 (2012). "To show that an error was fundamental, a defendant must establish prejudice that, after examination of the entire record, the error 'had a probable impact on the jury's finding that the defendant was guilty.' " *Id.* (citation omitted). "Moreover, because plain error is to be 'applied cautiously and only in the exceptional case,' the error will often be one that 'seriously.affect[s] the fairness, integrity or public reputation of judicial proceedings[.]' " *Id.* (citation omitted).

The pattern jury instructions for identity theft contain the following provision concerning identifying information: "defendant [obtained] [possessed] [used] personal identifying information of another person. (Name type of identifying information, e.g., social security number) would be personal identifying information." NCPI-Crim. 219B.80A. In the present case, the trial court did not instruct the jury that Mr. Ward's social security number would be personal identifying information. Assuming arguendo it was error for the trial court to instruct the jury as it did, we find that such error was not plain error. As stated above, to show plain error, Defendant "must show that the erroneous jury instruction was a fundamental error–that the error had a probable impact on the jury verdict." *Lawrence*, ___ N.C. at ___, 723 S.E.2d at 334. Defendant asserts that, because the jury was not instructed that the "identifying information" involved in this case was the social security number, the jury could have found Defendant guilty for having provided Mr. Ward's name, address, or birthdate to Officer Wilson.

In light of the evidence presented at trial, we are not persuaded that the instruction had a probable impact on the jury's verdict. In the present case, the citation with Mr. Ward's social security number written upon it was published to the jury. Officer Wilson testified that she issued the citation to Defendant and that Defendant avoided the legal consequences of having the citation issued in his own name by accepting the citation. It is clear what identifying information was obtained, possessed, or used by Defendant. In the present case, and on these facts alone, we conclude, assuming the trial court erred, that such error was not plain error.

No error in part, no plain error in part.

Judges BEASLEY and THIGPEN concur.