An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-46

Filed 3 December 2025

Stanly County, No. 23CR000070-830

STATE OF NORTH CAROLINA

v.

DERRICK ANTONIO ROGERS

Appeal by defendant from judgments entered 10 April 2024 by Judge Patrick Thomas Nadolski in Stanly County Superior Court. Heard in the Court of Appeals 24 September 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Jonathan J. Evans, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Sterling Rozear, for defendant-appellant.*

ZACHARY, Judge.

Defendant Derrick Antonio Rogers appeals from the trial court's judgments entered upon a jury's verdicts finding him guilty of identity theft and driving while impaired. On appeal, Defendant argues that the court erred by failing to dismiss the charges. After careful review, we conclude that the trial court did not err.

## I. Background

On 13 February 2023, a Stanly County grand jury indicted Defendant for identity theft and habitual driving while impaired. On 9 April 2024, Defendant's case came on for jury trial in Stanly County Superior Court.

At trial, the State first introduced Samantha Mendenhall, who testified that as she was driving on Hatley Farm Road during the later evening hours of 24 March 2019, she observed a "motorcycle headlight go off of the pavement into [a] ditch" and "the headlight kind of bounce back and forth like it was riding the ditch line." As Ms. Mendenhall drove closer, she noticed Defendant next to a motorcycle "in the ditch" on the side of the road and pulled over on the shoulder of the road to offer assistance; the motorcycle was "laid over" and Defendant was standing by it. No one else was present at the scene. Ms. Mendenhall spoke to the responding highway patrolman when he arrived on the scene and relayed what had happened.

The State also introduced Trooper Whit Efird with the North Carolina State Highway Patrol, who was accepted by the trial court as an expert in the field of horizontal gaze nystagmus ("HGN"), an eye test used to determine impairment. Trooper Efird testified that on the night of 24 March, he responded to a call regarding a motorcycle accident on Hatley Farm Road. At a curve in the road, Trooper Efird observed a motorcycle in a ditch. Trooper Efird interviewed Ms. Mendenhall and then spoke to Defendant, who "had a grass stain on his sweater from sliding in the grass and . . . grass all in his hair." Defendant smelled of alcohol and marijuana; he "had a

very strong odor of alcohol coming from his breath. His eyes were red and glassy. He was swaying on his feet." Additionally, "[h]is speech was slow and slightly slurred" and "his attitude was extremely relaxed."

Defendant explained to Trooper Efird "that he was helping someone get the bike out of the ditch. He said he didn't know what was going on, but he would take full responsibility for it." Trooper Efird asked Defendant "to perform a roadside test." Defendant consented and Trooper Efird administered the HGN test, during which he observed all six indicators of impairment. Defendant then refused to submit to additional field sobriety tests or a breathalyzer. Throughout, Defendant maintained that "he was helping someone else get the bike out of the ditch" until he eventually admitted that "he was just out riding and [it was] his girlfriend's bike."

Trooper Efird further testified that at the scene, Defendant "gave . . . the name of Eric Antwon Rogers" and a birthdate. Trooper Efird identified a person named Eric A. Rogers through the North Carolina CJLEADS database and made a record of that name, birthdate, and the corresponding driver's license number. Trooper Efird then completed a citation for impaired driving for Defendant with the name Eric Antwon Rogers together with Eric Antwon Rogers's address and driver's license number. Defendant was placed under arrest and transported to the Stanly County Detention Center, where he was advised of his rights and refused further testing for impairment.

Defense counsel made a motion to dismiss at the close of the State's evidence,

which the trial court denied. Defendant presented no evidence.

On 10 April 2024, the jury returned verdicts finding Defendant guilty of identity theft and impaired driving. Noting Defendant's prior record level and pretrial stipulation to three prior DWI convictions, the trial court consolidated Defendant's convictions for impaired driving and habitual impaired driving and entered judgment against Defendant, sentencing him to a term of 15 to 27 months' imprisonment in the custody of the North Carolina Department of Adult Correction. The court sentenced Defendant to a consecutive term of 16 to 29 months' imprisonment for his conviction for identity theft.

Defendant gave oral notice of appeal.

## II. Discussion

Defendant argues that the trial court erred by denying his motion to dismiss the charges of identity theft and impaired driving "for insufficiency of the evidence."[1]

---

[1] We note that while Defendant properly made a motion to dismiss at the close of the State's evidence, a review of the transcript reveals that he did not renew his motion at the close of all evidence. Our appellate rules provide that if a defendant makes a motion to dismiss "after the State has presented all its evidence and has rested its case and that motion is denied and the defendant then introduces evidence, [the] defendant's motion for dismissal . . . made at the close of the State's evidence is waived." N.C.R. App. P. 10(a)(3). "Such a waiver precludes the defendant from urging the denial of such motion as a ground for appeal." *Id.* Here, Defendant did not present any evidence. "[W]hen a defendant puts on no evidence, the motion to dismiss must be made at the close of the State's evidence." Elizabeth Brooks Scherer & Matthew Nis Leerberg, *North Carolina Appellate Practice and Procedure*, § 4.03[7][a][ii] (2022); *see also State v. Juran*, 294 N.C. App. 81, 84, 901 S.E.2d 872, 876 (2024) ("Under Rule 10(a)(3),[ ]a defendant in a criminal case may not make the sufficiency of the State's evidence at trial the basis of his issue on appeal unless he made a motion to dismiss at trial. The motion to dismiss may be made at the close of the State's evidence and/or at the close of all evidence." (citation omitted)). Accordingly, Defendant has preserved this issue for appeal by making a motion to dismiss at the close of the State's evidence.

We disagree.

### A. Standard of Review

"We review the trial court's denial of a motion to dismiss de novo. Under a de novo standard of review, this Court considers the matter anew and freely substitutes its own judgment for that of the trial court." *State v. Walters*, 276 N.C. App. 267, 270, 854 S.E.2d 607, 610 (2021) (citation and italics omitted).

### B. Identity theft

Defendant contends that his "motion to dismiss should have been granted" as to the charge of identity theft because "[p]roviding police officers [with] another person's name and date of birth is not identity theft." The State responds that "this [wa]s sufficient evidence for the jury to determine whether Defendant provided this information with the intent of convincing [Trooper Efird] that he was actually [another person] in order to avoid legal consequence"; thus, "[t]he trial court correctly determined that the evidence met the definition of identifying information" and properly denied Defendant's motion to dismiss.

"A defendant's motion to dismiss should be denied if there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of [the] defendant's being the perpetrator of such offense." *State v. Faucette*, 285 N.C. App. 501, 504, 877 S.E.2d 782, 785 (2022) (citation omitted). "Substantial evidence is relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion."

*State v. Jones*, 367 N.C. 299, 304, 758 S.E.2d 345, 349 (2014) (citation omitted).

"In this determination, all evidence is considered in the light most favorable to the State, and the State receives the benefit of every reasonable inference supported by that evidence." *Id.* (citation omitted). "If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." *Id.* (cleaned up). "Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *State v. Chekanow*, 370 N.C. 488, 492, 809 S.E.2d 546, 550 (2018) (citation omitted).

N.C. Gen. Stat. § 14-113.20(a) "provides, in pertinent part, that identity theft exists when a person knowingly obtains, possesses, or uses identifying information of another person, living or dead, *with the intent to fraudulently represent that the person is the other person* for the purpose of avoiding legal consequences." *Faucette*, 285 N.C. App. at 505, 877 S.E.2d at 785 (cleaned up); N.C. Gen. Stat. § 14-113.20(a) (2023). "The term 'identifying information' includes, *inter alia*, social security numbers, state identification card numbers, and any other numbers or information that can be used to access a person's financial resources." *State v. Sexton*, 223 N.C. App. 341, 344, 734 S.E.2d 295, 297 (2012) (cleaned up); *see* N.C. Gen. Stat. § 14-113.20(b).

"Intent is seldom provable by direct evidence and ordinarily must be proved by

circumstances from which it may be inferred." *Jones*, 367 N.C. at 305, 758 S.E.2d at 350 (cleaned up). Additionally, where "a specific mental intent or state is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite mental intent or state, even though the evidence discloses the commission of another offense by the accused." *Id.* (citation omitted).

In the instant case, Trooper Efird testified that at the scene Defendant "gave . . . the name of Eric Antwon Rogers" and a birthdate. Trooper Efird identified a person named Eric A. Rogers with the birthdate supplied by Defendant through the North Carolina CJLEADS database and completed Defendant's citation for impaired driving using that name, birthdate, and corresponding driver's license number. He provided Defendant with numerous documents—including the citation for impaired driving, an affidavit reporting Defendant's refusal to submit to a chemical analysis of his breath, and a form advising Defendant of his rights—each of which contained the name and birthdate that he had given Trooper Efird. At no point did Defendant indicate that the name on the documents was incorrect. Eventually, it was discovered that Defendant had used the name and birthdate of his twin (although as twins they share a birthdate).

In *State v. Miles*, this Court addressed a similar situation. 267 N.C. App. 78, 833 S.E.2d 27 (2019), *disc. review denied*, 373 N.C. 588, 837 S.E.2d 891 (2020). The defendant exchanged gunfire with another man and, when the defendant went to the

hospital for treatment, provided "a name, date of birth, and address other than his own." *Id.* at 80–81, 833 S.E.2d at 29–30. On appeal, the defendant argued that our General Assembly intended the list of examples of identifying information provided by § 14-113.20(b) to be "distinctive and exclusive." *Id.* at 88, 833 S.E.2d at 34. This Court disagreed, noting first that "the statute itself disproves [the] defendant's contention of exclusivity by usage of the term 'includes' before listing the fourteen examples" and further that, even if the list were exclusive, the "defendant's conduct would fall under subsection (10)—'any other numbers or information that can be used to access a person's financial resources.' " *Id.* at 88–89, 833 S.E.2d at 34 (cleaned up); *see also* N.C. Gen. Stat. § 14-113.20(b).

Defendant's contention that "[t]he use of a name and date of birth are not included within the definition of 'identifying information' under [N.C. Gen. Stat.] § 14-113.20" fails to persuade. As this Court concluded in *Miles*: "Another person's name, date of birth, and address are possible forms of identifying information where a defendant . . . uses the information for the purpose[ ] of escaping arrest or other legal consequences." *Miles*, 267 N.C. App. at 89, 833 S.E.2d at 34. Although Defendant contends that "*Miles* was simply wrong in holding that a name, birthdate, and address, constituted 'identifying information' under [N.C. Gen. Stat.] § 14-113.20," (emphasis omitted) we note that our Supreme Court denied discretionary review in *Miles* and it remains undisturbed as binding precedent. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of

Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

Moreover, it is well settled that "[l]egislative intent controls the meaning of a statute" and "[t]he intent of the General Assembly may be found first from the plain language of the statute, then from the legislative history, the spirit of the act and what the act seeks to accomplish." *State v. James*, 371 N.C. 77, 87, 813 S.E.2d 195, 203 (2018) (cleaned up). In reviewing N.C. Gen. Stat. § 14-113.20, "[w]e consider [that] the purpose behind enacting the identity theft statute was to protect against *using* misrepresentation to achieve a benefit." *Miles*, 267 N.C. App. at 88–89, 833 S.E.2d at 34. "Where a person presents himself to be another person and then *uses* that identification to obtain a favorable result, such actions were intended to be covered under N.C. Gen. Stat. § 14-113.20 to support identity theft convictions." *Id.* at 89, 833 S.E.2d at 34.

Defendant also asserts that the charge of identity theft was based solely on "the use of a name and date of birth" of his twin. In fact, Defendant also used the driver's license number—a type of "identifying information" listed in N.C. Gen. Stat. § 14-113.20(b)—of another. N.C. Gen. Stat. § 14-113.20(b)(2). In *Sexton*, we concluded that from the inclusion of another person's social security number "on the citation issued to [the d]efendant, the jury could conclude that [the d]efendant 'used' or 'possessed' the social security number to avoid legal consequences." 223 N.C. App. at

345, 734 S.E.2d at 298. Likewise, here, from the inclusion of the driver's license number corresponding to another person's name "on the citation issued to Defendant, the jury could conclude that Defendant 'used' or 'possessed' the [driver's license] number to avoid legal consequences." *Id.* We therefore agree with the State that this was "sufficient evidence for a jury to determine that Defendant 'used' the identifying information included by [Trooper Efird] on the citation, regardless of whether or not it was provided by Defendant."

Here, viewing the facts "in the light most favorable to the State," *Jones*, 367 N.C. at 304, 758 S.E.2d at 349 (citation omitted), there was sufficient evidence that Defendant used the identifying information of another "*with the intent to fraudulently represent that* [*he was another*] for the purpose of avoiding legal consequences." *Faucette*, 285 N.C. App. at 505, 877 S.E.2d at 785 (cleaned up); *see also* N.C. Gen. Stat. § 14-113.20(a). Consequently, the trial court did not err in denying Defendant's motion to dismiss the charge of identity theft.

**C. Impaired Driving**

Defendant also argues that the trial court erred by denying his motion to dismiss the charge of impaired driving. He specifically contends that there was insufficient evidence that he "was driving the motorcycle" and that "the motorcycle was ever on a highway, street, or public vehicular area."

"A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State while under

the influence of an impairing substance." *State v. McGaha*, 274 N.C. App. 232, 236, 851 S.E.2d 659, 662 (2020) (cleaned up); *see* N.C. Gen. Stat. § 20-138.1. Both alcohol and marijuana are considered impairing substances. N.C. Gen. Stat. §§ 20-4.01(14a), 90-94(b)(1). "A person commits the offense of habitual impaired driving if he drives while impaired as defined in [N.C. Gen. Stat. §] 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in [N.C. Gen. Stat. §] 20-4.01(24a) within 10 years of the date of this offense." *Id.* § 20-138.5(a).

Defendant does not dispute that he was under the influence of an impairing substance or that he stipulated to having three prior convictions for impaired driving. Rather, he limits his challenge to the sufficiency of the evidence that he drove the motorcycle on a highway, street, or public vehicular area.

"A person 'drives' within the meaning of the statute if he is in actual physical control of a vehicle which is in motion or which has the engine running." *State v. Ingram*, 283 N.C. App. 85, 89, 872 S.E.2d 148, 151 (2022) (cleaned up), *appeal dismissed*, 385 N.C. 614, 894 S.E.2d 752 (2023).

In the instant case, there were no eyewitnesses to Defendant driving the motorcycle on a public road. Nevertheless, as noted above, "[c]ircumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *Chekanow*, 370 N.C. at 492, 809 S.E.2d at 550 (citation omitted). "If the evidence supports a reasonable inference of [the] defendant's guilt based on the circumstances, then it is for the jurors to decide

whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty." *State v. Campbell*, 359 N.C. 644, 682, 617 S.E.2d 1, 24 (2005) (cleaned up), *cert. denied*, 547 U.S. 1073, 164 L. Ed. 2d 523 (2006); *see also State v. Simpson*, 292 N.C. App. 532, 540–41, 897 S.E.2d 915, 922 (2024) (determining that trial court properly denied the defendant's motion to dismiss the charge of impaired driving where there was no eyewitness testimony but there was circumstantial evidence sufficient to support the charge).

In *Ingram*, this Court was presented with similar facts to those of the case at bar. There, two first responders testified that the defendant "was found alone, wearing a helmet, lying on the double yellow line in the middle of a road and mounted on the seat of the fallen moped while it rested on top of one of his legs." *Ingram*, 283 N.C. App. at 89, 872 S.E.2d at 151. There were no eyewitnesses to the defendant's control of the moped. *Id.* Regarding it significant that the defendant was alone at the scene of a moped accident, *see also State v. Burris*, 289 N.C. App. 535, 538, 890 S.E.2d 539, 541 (2023), *aff'd*, 386 N.C. 600, 906 S.E.2d 465 (2024) (concluding that evidence that the defendant "was found alone at the accident scene" was proper circumstantial evidence that the defendant had been driving the vehicle), we concluded that this evidence was "sufficient to establish that [the d]efendant was in actual physical control of the moped while it was in motion or had the engine running"—despite the facts that the defendant 1) "was not injured"; 2) "there was no debris and were no tire marks in the road"; 3) "there was no evident damage to the moped or his helmet"; 4)

"the moped was not running when [the d]efendant was found"; and 5) "there was no evidence that the moped was hot to the touch or that a key was in the moped or on [the d]efendant's person." *Ingram*, 283 N.C. App. at 89, 872 S.E.2d at 151. Reasoning that these facts were "appropriately addressed to the jury, which [wa]s charged with weighing whether the evidence provided [the d]efendant's guilt beyond a reasonable doubt," we determined that "the State presented sufficient circumstantial evidence to establish that [the d]efendant drove the moped." *Id.*

Similarly, in *State v. Rouse*, there was "no one else nearby"; the vehicle "was in a spot where vehicles are not normally parked, i.e., in a ditch by the side of the road, unless they have been driven there recently"; and the defendant asked someone "for assistance in removing his [vehicle] from the ditch, indicating his continued intent to possess and control his [vehicle]." 284 N.C. App. 473, 489, 876 S.E.2d 107, 120, *disc. review denied*, 383 N.C. 686, 881 S.E.2d 308 (2022), *cert. denied*, 599 U.S. 4, 216 L. Ed. 2d 1228 (2023). This Court concluded that this circumstantial evidence was sufficient to establish that the defendant had driven the vehicle. *Id.*

Here, the State presented evidence that Defendant's motorcycle headlight was seen going "off of the pavement into [a] ditch" where the motorcycle was discovered just moments later, "a spot where [motorcycles] are not normally parked . . . unless they have been driven there recently," *see id.*; that Defendant was the only person at the scene of the accident; that Defendant remained by the wrecked motorcycle; that Defendant had a grass stain on his clothing and grass in his hair; and that Defendant

told Trooper Efird that "he was just out riding."

"Viewing the evidence in the light most favorable to the State, we conclude that there was sufficient evidence to support a jury's conclusion that Defendant was driving" the motorcycle and that he was driving it on a highway, street, or public vehicular area. *State v. Reeves*, 218 N.C. App. 570, 574, 721 S.E.2d 317, 321 (2012) (determining that there was sufficient evidence that the defendant was driving the vehicle where the only evidence presented was an extrajudicial confession and circumstantial evidence). Accordingly, the trial court properly denied Defendant's motion to dismiss the charge of impaired driving.

## III. Conclusion

For the foregoing reasons, we conclude that the trial court did not err in denying Defendant's motion to dismiss the charges of identity theft and impaired driving.

NO ERROR.

Judges HAMPSON and WOOD concur.

Report per Rule 30(e).